

FILED ___ ENTERED
LODGED ___ RECEIVED

APR - 2 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

SANTOS FLORES, ET AL.,

    Plaintiffs,

v.                                                                Case No.: GJH-15-196

UNITY DISPOSAL & RECYCLING, LLC,

    Defendant.

## MEMORANDUM OPINION

Santos Flores, Francisco Fuentes, Jose Novoa, Anthony Taylor, Juan Olivares, and Damion West ("Plaintiffs"), on behalf of themselves and those similarly situated, have sued their current or former employer, Defendant Unity Disposal and Recycling, LLC ("Unity Disposal"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage Payment and Collection Law, Md.Code Ann., Lab & Empl. §§ 3-401 *et seq.*, 3-501 *et seq.* Pending before the Court is Plaintiffs' motion for conditional certification and court-facilitated notice to potential collective action members under 29 U.S.C. § 216(b). A hearing is not necessary. *See* Loc. R. 105.6 (Md.). For the following reasons, Plaintiffs' motion will be GRANTED.

### I.     BACKGROUND

Unity Disposal is a waste management company that contracts with homeowner associations and municipalities, including Howard and Montgomery County, to provide residential trash, yard waste and recycling pickup. *See* ECF No. 1 at ¶ 11. Plaintiffs and all similarly situated employees they seek to represent are current and former sanitation workers

1

employed by Unity Disposal. Unity Disposal employs two categories of sanitation worker employees: drivers and helpers. *See id.* at ¶ 23. Drivers are responsible for driving their assigned refuse truck along their designated collection route in a safe manner. *See id.* at ¶ 30. Helpers, on the other hand, ride on the back of the refuse trucks and are responsible for collecting and depositing trash, recyclables or yard waste into their assigned trucks along designated collection routes. *See id.* at ¶ 31.

Helpers and drivers typically work five shifts a week (Monday through Friday), usually 8-10 hours per day. *See id.* at ¶ 23. Trash collecting work is generally performed between 7 a.m. and 9 p.m. *See id.* Unity Disposal assigns specific routes to drivers and helpers, who work in teams to perform the trash collection work. *See id.* at ¶ 24. Unity Disposal dispatches the trash trucks for all routes from its headquarters located in Laurel, Maryland, and all sanitation workers are required to return the trucks to the headquarters when they have completed their routes. *See id.* For their work, Unity Disposal paid its sanitation workers a flat daily rate regardless of the amount of hours worked in a shift to finish the assigned routes. *See id.* at ¶ 25. During the proposed class period, drivers were generally paid a daily rate of $130 and helpers were generally paid a daily rate of either $100 or $84. *See id.* Plaintiffs allege that by paying them a daily flat rate, without regard to the number of hours actually worked, Unity Disposal did not pay Plaintiffs in accordance with federal and local wage and hour laws. *See id.* at ¶ 39.

Additionally, although Unity Disposal did not schedule meal breaks for its sanitation workers or require its sanitation workers to take such a break, Plaintiffs contend that Unity Disposal maintained a company-wide policy of deducting thirty minutes of time from every shift for unpaid meal breaks. *See id.* at ¶ 34. According to Plaintiffs, this 30 minute break was deducted regardless of whether the employees actually took a meal break. *See* ECF No. 4-7 at ¶¶

17, 20, 21; *see also* ECF No. 4-9 at ¶¶ 15, 18, 19. In fact, Plaintiffs maintain that they do not even take 30-minute meal breaks. *See* ECF No. 4-7 at ¶17; *see also* ECF No. 4-9 at ¶15. Instead, Plaintiffs contend that they eat while driving or refueling, or otherwise wait until the end of their shifts. *See* ECF No. 4-7 at ¶17; *see* ECF No. 4-13 at ¶ 16. Plaintiffs' allege that by automatically deducting this time from their timesheets, Unity Disposal further violated federal and local wage and hour laws.

Accordingly, Plaintiffs filed this instant collective action seeking on behalf of themselves and other similarly situated helpers and drivers to recover unpaid wages. As is required for collective actions, Plaintiffs have filed a motion for conditional certification of the collective action and for court-facilitated notice to potential collective action members. *See* ECF No. 4. Unity Disposal has opposed this motion. *See* ECF No. 15. For the reasons stated more fully below, the Court will grant Plaintiffs' motion.

## II. DISCUSSION

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D. Md. 2008). Section 216(b) provides, in relevant part, as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F.Supp.2d at 771 (*citing Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)).

When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process. *See Syrja v. Westat, Inc.*, 756 F.Supp.2d 682, 686 (D. Md. 2010). In the first stage, commonly referred to as the notice stage, the Court makes a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are 'similarly situated,' such that court-facilitated notice to the putative class members would be appropriate.'" *Id.* (quoting *Camper*, 200 F.R.D. at 519). In the second stage, following the close of discovery, the Court conducts a "more stringent inquiry" to determine whether the plaintiffs are in fact "similarly situated," as required by Section 216(b). *See Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007). At this later stage, referred to as the decertification stage, the Court makes a final decision about the propriety of proceeding as a collective action. *See Syrja*, 756 F.Supp.2d at 686. Here, Plaintiffs have moved for conditional certification of a collective action, and, if granted, have requested court-facilitated notice to potential opt-in plaintiffs.

A.  **Conditional Certification**

"Determinations of the appropriateness of conditional collective action certification . . . are left to the court's discretion." *Id.*; *see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." *Camper*, 200 F.R.D. at 519 (*quoting* 29 U.S.C. § 216(b)). "'Similarly situated' [does] not mean 'identical.'" *Bouthner v. Cleveland Constr., Inc.*, No. 11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012) (*citing Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)). Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law.

4

*See Mancia v. Mayflower Textile Servs. Co.*, No. 08-0273, 2008 WL 4735344, at *3 (D. Md. Oct.14, 2008); *see also Quinteros*, 532 F.Supp.2d at 772. To satisfy this standard, Plaintiffs generally need only make a "relatively modest factual showing" that such a common policy, scheme, or plan exists. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006).

To meet this burden and demonstrate that potential class members are "similarly situated," Plaintiffs must set forth more than "vague allegations" with "meager factual support" regarding a common policy to violate the FLSA. *D'Anna v. M/A COM, Inc.*, 903 F.Supp. 889, 894 (D. Md. 1995); *see also Bouthner*, 2012 WL 738578, at *4. Their evidence need not, however, enable the Court to determine conclusively whether a class of "similarly situated" plaintiffs exists, *Bouthner*, 2012 WL 738578, at *4, and it need not include evidence that the company has a formal policy of refusing to pay overtime. *Quinteros*, 532 F.Supp.2d at 772. Plaintiffs may rely on "[a]ffidavits or other means," such as declarations and deposition testimony, to make the required showing. *Williams v. Long*, 585 F. Supp.2d 679, 684-85 (D. Md. 2008); *see also Essame v. SSC Laurel Operating Co.*, 847 F.Supp.2d 821, 825 (D. Md. 2012). Here, through declarations, Plaintiffs have made a "modest factual showing" that they are "similarly situated" to other sanitation workers who were employed by Unity Disposal as helpers and drivers from January 23, 2012 until December 31, 2014 and were allegedly victimized by Unity Disposal's policies that denied them both standard wages and overtime wages.

First, concerning Unity Disposal's alleged practice of automatically deducting thirty minute meal breaks from its helper's and driver's timesheets, each Plaintiff has submitted a declaration stating that this time was, in fact, deducted from their timesheets regardless of whether he actually took the thirty minute meal break. *See* ECF Nos. 4-7 at ¶¶ 20, 21; 4-9 at ¶¶ 18, 19; 4-11 at ¶ 20; 4-13 at ¶¶ 19, 21; 4-14 at ¶ 18; 4-16 at ¶ 19. In fact, Plaintiffs Flores and

Taylor recount instances when they heard from various Unity Disposal employees that it was the company's policy to deduct thirty minute meal breaks from every helper's and driver's paycheck even if the employee did not take such a break. *See* ECF Nos. 4-7 at ¶ 21; 4-13 at ¶ 21. Based on Plaintiffs' declarations, it appears that this was a company-wide practice affecting all helpers and drivers employed by Unity Disposal as sanitation workers. The Court therefore concludes that Plaintiffs and the potential opt-in plaintiffs are "similarly situated" to the extent they were subjected to Unity Disposal's alleged practice of deducting thirty minute meal breaks from their helper's and driver's paychecks. *See Camper*, 200 F.R.D. at 520 (granting conditional certification where plaintiffs have established through "sworn deposition testimony that one half-hour has been deducted from their time sheet even on those days on which they worked through their scheduled meal break").

Additionally, Plaintiffs have adequately demonstrated through their declarations that Unity Disposal had a company-wide practice of paying its helpers and drivers a flat daily rate regardless of the number of hours worked in a particular day. *See* ECF Nos. 4-7 at ¶¶ 12, 13; 4-9 at ¶¶ 11, 12; 4-11 at ¶¶ 12, 13; 4-13 at ¶¶ 12, 13; 4-14 at ¶¶ 12, 13; 4-16 at ¶¶ 11, 12. Plaintiffs contend that, as a result of this practice, helpers and drivers were not compensated in accordance with applicable minimum wage and overtime laws. *See* ECF No. 4-1 at 18-19. For example, Plaintiff Flores stated in his declaration that he typically worked nine and one half hour shifts, starting each morning at 5:30 am and finishing at 3:00 pm. *See id.* at ¶¶ 7, 9. Sometimes, however, he worked as late as 7:00 pm. *See id.* at ¶ 9. But regardless of whether Plaintiff Flores completed his shift at 3:00 pm or 7:00 pm, he states that he (and other helpers) were paid a fixed daily fate of $84 per day. *See id.* at ¶ 12. Thus, if Plaintiff Flores completed a nine and one half hour shift for which he earned $84, his effective hourly rate would have been $8.84. Plaintiffs

contend that this hourly rate was less than what was required by the Howard County and Montgomery County Living Wage Ordinances, which set a minimum hourly wage for county contractors between $13.20-$14.33, depending on the year and county. *See* Howard County, Md., Code §, 4.122A (2008); *see also* Montgomery County, Md., Code § 11B-33A (2004).

Like the meal-break deductions, Plaintiffs' declarations suggest that this flat-rate payment policy was not just limited to Plaintiff Flores, but was, instead, a company-wide practice that affected all helpers and drivers employed by Unity Disposal as sanitation workers. *See* ECF Nos. 4-7 at ¶¶ 12, 13; 4-9 at ¶¶ 11, 12; 4-11 at ¶¶ 12, 13; 4-13 at ¶¶ 12, 13; 4-14 at ¶¶ 12, 13; 4-16 at ¶¶ 11, 12. The Court therefore concludes that Plaintiffs and the potential opt-in plaintiffs are "similarly situated" to the extent they were paid flat rates without regard to how many hours each employee worked and without regard to whether the effective hourly rates violated federal and/or local wage and hour laws. *See e.g. Sanchez v. El Rancho Sports Bar Corp.*, No. 13-5119, 2014 WL 1998236, at *2 (S.D.N.Y. May 13, 2014) (granting conditional certification where plaintiffs "assert in their declarations that they and all of the waitresses and dancers were paid a flat daily salary regardless of how many hours they worked" thereby satisfying the "modest factual showing required to establish that they are similarly situated to the" opt-in plaintiffs); *Hernandez v. Immortal Rise, Inc.*, No. 11-4360, 2012 WL 4369746, at *3 (E.D.N.Y. Sept. 24, 2012) (granting conditional certification where "Plaintiffs allege that they consistently worked more than forty hours a week and were paid a flat weekly salary regardless of the number of hours they worked, denying them both minimum and overtime wages"); *Maudlin v. Johnny Kynard Logging, Inc.*, No. 08-0307, 2009 WL 455479, at *4 (S.D. Ala. Feb. 20, 2009) (granting conditional certification because "the purported plaintiffs are similarly

situated in that all state that they were paid a flat daily rate (which defendant concedes) regardless of the number of hours worked").

Unity Disposal makes several arguments against conditional certification, none of which are persuasive. First, Unity Disposal maintains that conditional certification is inappropriate because its meal break policy and flat daily rate policy did not, as a matter of law, violate the FLSA. *See* ECF No. 35 at 4-5, 6-7. This argument, however, "goes to the merits of certain aspects of Plaintiffs' claims, which are not appropriate to resolve at the conditional certification stage." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 572 (D. Md. 2012). "The touchstone at this stage is merely whether Plaintiffs have demonstrated some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." *Id.*; *see Essame*, 847 F. Supp. 2d at 825 (reasoning that "the court does not weigh the merits" of the plaintiffs' claims at this early stage). Accordingly, the Court cannot yet consider Unity Disposal's merits-based arguments.

Next, Unity Disposal argues that conditional certification is improper because Plaintiffs' claims require "highly individualized" calculations of wages and hours. *See* ECF No. 35 at 5-8. While it is true that Plaintiffs' individual wage and hour calculations may vary among one another, Unity Disposal's argument fails to recognize that "[i]ndividual circumstances are inevitably present in a collective action." *Espenscheid*, 2010 WL 2330309, at *4. The presence of such differences, however, is not necessarily fatal to conditional certification. Indeed, "district courts in the Fourth Circuit have explicitly clarified that '[d]ifferences as to time actually worked, wages actually due and hours involved' do not preclude a finding of a 'similarly situated' class." *Butler v. DirectSAT USA, LLC*, No. 10-2747, 2014 WL 4684337, at *7 (D. Md. Sept. 18, 2014) (quoting *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-00363, 2014 WL 934379 (E.D. Va. Mar. 7, 2014)). Rather, "[t]o proceed as a collective action at this stage,

Plaintiffs need only make 'a modest factual showing' that they were victims of a common policy or practice that violated the FLSA." *Mitchel v. Crosby Corp.*, No. 10-2349, 2012 WL 4005535, at *4 (D. Md. Sept. 10, 2012) (quoting *Essame*, 2012 WL 762895, at *4). As discussed, Plaintiffs have satisfied that showing.

Finally, Unity Disposal's reliance on *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682 (D. Md. 2010) and *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544 (E.D. Va. 2009) is misplaced. Both of these cases actually *did* involve "substantial individualized determinations for each class member." *Syrja*, 756 F. Supp. 2d at 687. Specifically, in *Syrja*, the court denied a motion for conditional certification where the plaintiffs consisted of a group of independent employees "who worked in multiple geographic locations around the country, over different time periods, in offices run by different managers, without any showing of a national policy." *Mitchel*, No. 10-2349, 2012 WL 4005535, at *4 (citing *Syrja*, 756 F. Supp. 2d at 688). In fact, in denying conditional certification, the *Syrja* court explicitly distinguished that case from ones like this that "involve[e] a group of employees who all work in a single location, in similar positions, under a single management structure." *Syrja*, 756 F. Supp. 2d at 690. Here, Plaintiffs consist of a single group of employees (*i.e.* sanitation workers) who worked in two neighboring Maryland counties (*i.e.* Montgomery County and Howard County) under a single management structure at Unity Disposal. *Purdham* is similarly distinguishable. In that case, the court denied conditional certification, in part, due to its concern about the need to evaluate the merits of each plaintiff's claims on an "individual-by-individual basis." *Purdham*, 629 F. Supp. 2d at 550. Specifically, the court observed that the "method by which [plaintiffs] are paid and the amount of money they are paid vary widely . . . ." *Id.* That concern, however, is not present here. Plaintiffs' declarations indicate that helpers and drivers were paid daily flat rates that varied very little. *See* ECF Nos. 4-

7 at ¶¶ 12, 13; 4-9 at ¶¶ 11, 12; 4-11 at ¶¶ 12, 13; 4-13 at ¶¶ 12, 13; 4-14 at ¶¶ 12, 13; 4-16 at ¶¶ 11, 12. The Court will therefore grant Plaintiffs' motion for conditional certification.

### B. Court-Facilitated Notice

Because Plaintiffs have made a preliminary showing that sanitation workers who were employed by Unity Disposal as helper and drivers are "similarly situated," notice of this action will be provided to all helpers and drivers who worked at Unity Disposal from January 23, 2012 until December 31, 2014. "The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Mcfeeley v. Jackson St. Entm't, LLC*, No. 12-1019, 2012 WL 5928902, at *5 (D. Md. Nov. 26, 2012) (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 323 (S.D.N.Y. 2007)).

Here, Plaintiffs have submitted a proposed notice form. *See* ECF Nos. 4-3 (English version) and 4-4 (Spanish version). Unity Disposal objects to Plaintiffs' proposed notice on the basis that it is overbroad insofar as it seeks to provide notice to sanitation workers three years removed. *See* ECF No. 15 at 9. Unity Disposal argues that because the statute of limitations for a FLSA violation is two years (absent a showing of willfulness, in which case it is three years), the proposed notice is overly broad. *See id.* Because "Plaintiffs have not yet made any showing of willfulness," Unity Disposal contends the notice must be limited to a two-year period. *Id.* The Court disagrees.

10

Plaintiffs have made several allegations, reflected in various declarations, that employees of Unity Disposal showed, at least, reckless disregard for sanitation workers' overtime hours. Specifically, Plaintiff Taylor states in his declaration that he spoke with Sabrina Jenkins ("Jenkins"), Unity Disposal's payroll manager, about the thirty minute deductions. *See* ECF No. 4-13 at ¶ 21. According to Plaintiff Taylor, Jenkins told him that thirty minutes gets deducted from everyone's paycheck, whether he or she takes a break or not. *See id.* These statements are sufficient to create a general allegation of reckless disregard and lead the Court to conclude that applying the three-year statute of limitations is appropriate for notice purposes. *See e.g., Andrade v. Aerotek, Inc.*, No. 08-2668, 2009 WL 2757099, at *5 (D. Md. Aug. 26, 2009) (finding the three-year statute of limitations to be appropriate for notice purposes where the plaintiffs have made several allegations that reflect reckless disregard by the supervisors for the employee's overtime hours); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D.N.Y. 2002) (finding the three-year statute of limitations to be appropriate for notice purposes where the issue of willfulness could not be readily determined); *Settle v. S.W. Rodgers, Co., Inc.*, 998 F.Supp. 657, 664 (E.D. Va. 1998) ("[W]here, as here, a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period.").

In addition to Unity Disposal's concern over the limitations period, Unity Disposal believes that Plaintiffs' description of the lawsuit in their proposed notice is prejudicial and requires change. As such, Unity Disposal has requested "an opportunity to review, edit, and approve any notice, should this Court decide that a notice is appropriate." ECF No. 15 at 9. The Court will grant Unity Disposal this limited relief. The Court therefore orders counsel for the parties to meet and confer regarding Plaintiffs' proposed "Notice of Collective Action" and

"Consent to Join Action" (*see* ECF Nos. 4-31, 4-4, 4-5, 4-6) and submit to the Court, within fourteen (14) days of the date of entry of this Order, a joint proposed "Notice of Collective Action" and "Consent to Join Action" that is consistent with the Court's conclusions as stated in this Memorandum Opinion. If the parties are unable to agree on a proposed "Notice of Collective Action" and/or "Consent to Join Action," each party should submit their proposed notices for the Court's decision, within the same fourteen day period, along with a memorandum to the Court explaining why the parties were unable to reach an agreement.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Conditional Certification, ECF No. 4, is GRANTED. The class is conditionally certified as to all current and former sanitation workers employed by Unity Disposal as helpers and drivers from January 23, 2012 until December 31, 2014. Additionally, the parties are ORDERED to meet and confer regarding Plaintiffs' proposed "Notice of Collective Action" and "Consent to Join Action" and submit joint proposals of each within fourteen (14) days of the date of entry of this Memorandum Opinion and accompanying Order.

Dated: <u>April 2, 2015</u>

<u>        /S/         </u>
George J. Hazel
United States District Judge